**CAMERON et v HUDSON (Village)**

Ohio Appeals, 9th Dist, Summit Co

No 1977.  Decided Nov 6, 1931

Mottinger & Evans, Akron, for plaintiff in error.

McCuskey & Cotton and Musser, Kimber & Huffman, Akron, for defendant in error.

WASHBURN, J.

Plaintiffs claim that during the trial the court erred in two particulars:

First, in charging the jury as follows:

"I charge you as a matter of law, in construing this contract, that the grant of the easement to the defendant for sewer purposes without limiting or defining the elevation of the sewer authorized the defendant to construct the sewer either below the surface of the plaintiffs' lands, or above the surface of the plaintiffs' lands, or part above the surface of plaintiffs' lands and part below the surface of the plaintiffs' lands."

In so charging, we think there was no error. Taking into consideration all the surrounding circumstances and the conduct of the parties, we think that the trial judge was required to place the construction he did upon said contract.

It is also claimed that evidence showing that before said contract was made the village had duly adopted plans and specifications for the improvement, which provided that said sewer should be constructed on the elevation and in the manner in which it was constructed, was incompetent, even though said plaintiffs had notice that said plans and specifications had been adopted and were on file with the proper officials of the village as required by law.

Plaintiffs were permitted to testify that,

when said contract was signed, they thought or had an idea or expected that the storm water sewer would be placed underground.

In view of that evidence and the fact that the plaintiffs had urged the making of an improvement and had notice that the city had complied with their request and adopted plans and specifications for the improvement and that said plans and specifications were on file, and in view of the uncertainty of the contract in reference to how the storm water sewer was to be constructed, we think that such evidence as to the plans and specifications and the adoption thereof by the village was competent—not to vary the terms of the contract, but to apply the terms of the contract to its subject.

As has been said, we find no provision in the contract requiring the sewer to be placed below the surface of plaintiffs' premises, and we find nothing in the situation that would justify the plaintiffs in thinking that the improvement would be made in that manner; and moreover, in the very nature of things, the parties were contracting in reference to an improvement which had been decided upon by the city and which was fully described and set forth and specified in the plans adopted by the city and filed with the proper officials, and the plaintiffs had had written notice that such plans had been adopted and were on file before said contract was made. It is true that said plans and specifications are not mentioned or referred to in the contract, but it is also true that no mention is made in the contract of any other plan, nor is there any provision in the contract in conflict with such a plan, and the very character of the improvement and the object to be accomplished and the situation as it existed, seems to us to justify the conclusion that the parties were contracting in reference to said definite public improvement, and that the plaintiffs must have expected that this storm water sewer across their premises would be constructed so as to connect with said culvert and would necessarily be partly above the surface of said premises.

It seems to us that instead of the plaintiffs having an idea or expecting that the storm water sewer was to be placed below the surface of the ground, they would be much more justified in expecting or having an idea that the village intended, after said storm water sewer was constructed, to fill up the low part of their premises where the sewer was, so as to bring it up even with the street and cover up said sewer, but there is no specific provision in the contract which required the village to do so, and the fact that the village put in 25 loads of dirt which it was not required to do, does not alter or change the rights of the parties.

Under the charge of the court, plaintiffs were given the benefit of their claim that the village should have filled up said premises.

Plaintiffs claimed that the defendants failed to perform the terms of said contract by failing to construct inlets in said sewer for the determination of storm and surface water which might collect on plaintiffs' premises, and by failing to restore plaintiffs' premises to the condition in which it found them before entering upon said lands; and there was a sharp conflict in the evidence as to both of said claims.

The trial judge submitted said claims to the jury and told the jurors that if they found "that the defendant failed to perform its agreement with reference to restoration of plaintiffs' lands or failed to construct inlets into the sewer structure, and if you find that as a result of such failure on the part of the defendant the lands of the plaintiffs have been damaged, then your verdict should be for the plaintiffs," and that if they did not so find, their verdict should be for the defendant.

A consideration of all the evidence in the case leads us to the conclusion that the finding of the jury upon said two claims is not manifestly against the weight of the evidence, and finding no prejudicial error in the other matters complained of, the judgment is affirmed.

PARDEE, PJ and FUNK, J, concur.